RICHARD S. KUHL, complainant,

and

JACOB L. MARTIN, HENRY S. COOK and others, defendants.

On appeal from a decree of the chancellor on exceptions to a master's report.  The opinion below is reported in *Kuhl* v. *Martin*, 1 *Stew.* 370.

*Mr. C. Parker*, for appellant.

*Mr. G. N. Abeel*, for respondent.

THE CHIEF JUSTICE.

Upon a full consideration of this case, I have come to the conclusion that the equities involved cannot be safely settled unless the defendant, Mrs. Martin, shall be permitted to come in and defend.  She claims under a mortgage which has been assigned to her; that mortgage was derived by her from her codefendant, Mr. Cook, and in the bill it was attacked as invalid in his hands.  But that attack appears to have been successfully repelled; and now there is much in the case to raise a question whether this encumbrance is valid in the hands of Mrs. Martin.  She refused to have that matter investigated before the master.  The controversy is now substantially between this defendant and her codefendant, Mr. Cook.  If Mrs. Martin has no equitable

title to the mortgage assigned to her, she has no standing by virtue of which she can question the validity or effect of the levies under the executions mentioned in the pleadings. The bill has not put in issue her equitable title to this mortgage. That title should be put in issue, and the other questions in the case should not be passed upon until this has been done.

On this ground I think the decree should, for this purpose, be reversed, but without costs.

Decree unanimously reversed.